**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ALVESTER BOYD
ADC #132604                                                                                    PLAINTIFF

v.                                             4:26-cv-00266-KGB-JJV

BOSTON, Nurse,
Pulaski County Regional Detention Facility; *et al.*                        DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition (Recommendation) has been sent to Chief United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Plaintiff Alvester Boyd has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging several nurses at the Faulkner County Detention Center (FCDC) violated his constitutional right to receive adequate medical care by giving him another prisoner's medication.[1] (Doc. 2.) Plaintiff says as a result, he fell from his top bunk and injured his back. Plaintiff says he has not completed the exhaustion of FCDC's grievance procedure because the matter is still under investigation. (*Id.* at 3, 6.)

---

[1] Plaintiff did not sign his Complaint as required by Fed. R. Civ. P. 11(a). He, or his attorney of record, must do so on any future pleadings filed with this Court.

1

The Prison Litigation Reform Act requires a prisoner to fully exhaust administrative remedies in compliance with the incarcerating facility's rules <u>before</u> filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a); *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). While failure to exhaust is usually an affirmative defense "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 claim *sua sponte* when it is clear from the face of the complaint the proposed claim has not been exhausted. *See Jones v. Bock*, 549 U.S. 199, 214-16 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005). Because it is clear from the face of Plaintiff's Complaint that he has not completed the exhaustion process, I recommend this case be dismissed without prejudice as prematurely filed. *See, e.g., Sherman v. Perkins,* No. 4:23-cv-500-BSM-ERE, 2023 WL 5255967 (E.D. Ark. July 13, 2023) (dismissing a case during screening when it was clear from the face of the complaint the plaintiff had not fully exhausted his administrative remedies); *Pitts v. Bennett*, No. 2:23CV00084-DPM-JTK, 2023 WL 3829456 (E.D. Ark. Apr. 17, 2023) (same); *Stockton v. Page*, No. 4:23-cv-00007-JM-ERE, 2023 WL 1927483 (E.D. Ark. Jan. 26, 2023) (same).

## II.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. 2) be DISMISSED without prejudice.

2.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 18th day of March 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE