**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ALVESTER BOYD**                                                                                        **PLAINTIFF**
**ADC #132604**

**v.**                                                    **Case No. 4:26-cv-00266-KGB**

**BOSTON, Nurse,**
**Pulaski County Regional Detention Facility,** *et al.*                            **DEFENDANTS**

## <u>ORDER</u>

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe. J. Volpe (Dkt. No. 5). Plaintiff Alvester Boyd did not file objections, but he has filed three notices and a motion for Order (Dkt. Nos. 6–9). The Court will consider the notices and motion for Order as objections to the Recommendation (Dkt. No. 5). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 5). The Court denies Boyd's motion for order (Dkt. No. 8).

### I.      Background

Boyd filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that several nurses at Pulaski County Regional Detention Facility ("PCRDF")[1] violated his constitutional right to receive adequate medical care by giving him another inmate's medication (Dkt. No. 2). Boyd asserts that, as a result of taking the wrong medication, he fell from his top bunk and injured his back (*Id*.). In

---

[1] There is a typographical error in the Recommendation. The Recommendation refers to Faulkner County Detention Center, but Boyd was housed at PCRDF (Dkt. Nos. 2; 5).

his complaint, Boyd states that he has not completely exhausted his PCRDF grievances related to the incident and that the matter is still under investigation (*Id.*, at 3, 6).

Judge Volpe granted Boyd's motion for leave to proceed *in forma pauperis* but filed his Recommendation recommending that this Court dismiss the complaint without prejudice because Boyd did not exhaust his administrative remedies prior to filing his complaint (Dkt. Nos. 4; 5).

## II.      Screening The Complaint

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*.  Whether a plaintiff is represented by counsel or is appearing *pro se,* his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    Analysis

The Court writes separately to address what the Court considers to be Boyd's objections (Dkt. Nos. 6–9).  In his notice dated March 20, 2026, Boyd reiterates that he was given someone else's prescribed medication and describes how he felt after taking the medication (Dkt. No. 6, at 1).  The notice dated March 26, 2026, appears to the Court to be a list of grievances filed by Boyd at PCRDF (Dkt. No. 7).  The medical grievances that may have been related to this incident were not closed before March 11, 2026, when Boyd filed this lawsuit (Dkt. No. 7).  In his motion for order filed April 8, 2026, Boyd requests video and audio from Officer Brooks on the day that he fell from his bunk (Dkt. No. 8).  Boyd states in the motion "[t]heir still prolonging with the grievances." (*Id.*, at 1).  To the extent that Boyd seeks video and audio recordings, the motion is denied as moot because, for the reasons set forth in this Order, the Court must dismiss the case because Boyd failed to exhaust his administrative remedies prior to filing his complaint (Dkt. No. 8).  In the notice filed April 9, 2026, Boyd requests that the Court appoint him counsel.  Boyd also reiterates his allegations about being given the wrong medication and names people he wants to sue (Dkt. No. 9).

Judge Volpe recommends that the Court dismiss Boyd's complaint because the Prison Litigation Reform Act requires a prisoner to exhaust fully administrative remedies in compliance with the incarcerating facility's rules *before* filing a lawsuit in federal court (Dkt. No. 5, at 2 (citing 42 U.S.C. § 1997e(a); *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)).  Here, it is clear from Boyd's complaint that he did not exhaust his administrative remedies before he filed his lawsuit because he stated in the complaint that his grievances were still being investigated (Dkt. No. 2, at 3; 6).  It appears from his recent filings that this may still be the case (*see* Dkt. Nos. 7; 8, at 1).

3

Upon a *de novo* review of the record, including the Recommendation, the Court finds that Boyd's objections break no new ground and fail to rebut the Recommendation. Thus, the Court agrees with the Recommendation and adopts the Recommendation as its findings in its entirety (Dkt. No. 5).

### IV.     Conclusion

For these reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 4). Therefore, it is ordered that:

1.     Boyd's complaint is dismissed without prejudice (Dkt. No. 2);

2.     Boyd's motion for audio and video recordings and motion for subpoenas of various videos and for a subpoena of his medical records are denied as moot (Dkt. Nos. 8; 10);

3.     Boyd's motions for appointment of counsel are denied as moot (Dkt. Nos. 9; 12);

4.     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order and the accompanying Judgment would not be taken in good faith.

So ordered, this 27th day of April, 2026.

Kristine G. Baker
Chief United States District Judge